We find that this evidence was legally sufficient to establish that the defendant, who was not authorized to enter the house, did so with the intent to commit a larceny therein *(see,* Penal Law §§ 140.20, 140.25 [2]; *People v Barnes,* 50 NY2d 375; *People v Fraticelli,* 172 AD2d 622; *People v Daye,* 150 AD2d 481). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL DOWD, Respondent, v RAYMOND JACQUIN, Appellant.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated May 20, 1992, which sustained the writ to the extent of reducing bail from an insurance company bail bond in the sum of $300,000 to such a bond in the sum of $100,000 or a $25,000 cash bail alternative.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed *(see, People ex rel. Mascia v Jacquin,* 184 AD2d 542 [decided herewith]).* Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH EURELL, Respondent, v RAYMOND JACQUIN, Appellant.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated May 20, 1992, which sustained the writ to the extent of reducing bail from an insurance company bail bond in the sum of $300,000 to such a bond in the sum of $100,000 or a $25,000 cash bail alternative.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed *(see, People ex rel. Mascia v Jacquin,* 184 AD2d 542 [decided herewith]).* Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN KOURLAS, Respondent, v RAYMOND JACQUIN, Appellant.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated May 20, 1992, which sustained the writ to the extent of reducing bail from an insurance company bail bond in the sum of $300,000 to such a bond in the sum of $100,000 or a $25,000 cash bail alternative.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed *(see, People ex rel. Mascia v Jacquin,* 184 AD2d 542 [decided here-